J-A02028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF CATHERINE GENOVESE<br><br>Appellants<br><br>v.<br><br>RITE AID STORES<br><br>Appellee<br><br>APPEAL OF: CRYSTAL J. GENOVESE, AS EXECUTRIX FOR THE ESTATE OF CATHERINE GENOVESE, GIUSEPPE GENOVESE, SR., HUSBAND OF CATHERINE GENOVESE AND GIUSEPPE GENOVESE, JR., FRANK GENOVESE AND CRYSTAL LIA, CHILDREN OF CATHERINE GENOVESE | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 1830 EDA 2014 |

Appeal from the Order Entered May 12, 2014
In the Court of Common Pleas of Pike County
Civil Division at No.: 1220-2011 Civil

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED APRIL 01, 2015**

Crystal J. Genovese, as executrix for the estate of Catherine Genovese ("Mrs. Genovese"); Giuseppe Genovese, Sr., husband of Catherine Genovese; and Giuseppe Genovese, Jr., Frank Genovese and Crystal Lia, children of Catherine Genovese, appeal from the order entered May 12, 2014, granting summary judgment in favor of Rite Aid Stores in this wrongful death action.  We affirm.

The trial court set forth the following facts:

The following facts from the incident on April 24, 2010 are undisputed: Mrs. Genovese dropped her husband off at Silver Lake Tavern on the afternoon of April 24 and then travelled to Lords Valley to shop. At some point during her shopping trip, Mrs. Genovese entered Rite Aid. The assistant manager, Richard Ramme, noticed Mrs. Genovese looked ill. Mr. Ramme approached Mrs. Genovese and asked if she needed anything. After initially saying "no", Mrs. Genovese requested a glass of water, which Mr. Ramme provided. Mr. Ramme again asked if he could do anything and Mrs. Genovese stated she'd just like to sit. Mr. Ramme told Mrs. Genovese to "flag down" an employee if she needed anything and then went back to work. When Mr. Ramme returned to check on Mrs. Genovese, she had left the store. Thereafter, Mrs. Genovese returned to Silver Lake Tavern to meet her family. Mrs. Genovese informed her family that she did not feel well and Mr. Genovese decided to drive her to the hospital. Shortly after arriving at the hospital, Mrs. Genovese passed away from athero sclerotic cardiovascular disease.

Trial Court Opinion ("T.C.O."), 7/28/2014, at 2.

On July 21, 2011, Mrs. Genovese's estate, along with her husband and children (collectively, "Appellants"), filed a praecipe for writ of summons against Rite Aid Stores ("Rite Aid"). Thereafter, Appellants filed a two-count complaint alleging that Rite Aid Store #2702 negligently caused Mrs. Genovese's death. On December 16, 2011, Rite Aid filed an answer with new matter, and on December 9, 2013, Rite Aid filed a motion for summary judgment. Oral arguments were held before the trial court on March 24, 2014. On May 12, 2014, the trial court granted Rite Aid's motion for summary judgment.

On June 10, 2014, Appellants timely appealed to the Superior Court. On June 30, 2014, they filed a concise statement of errors complained of on

appeal pursuant to Pa.R.A.P. 1925(b). On July 28, 2014, the trial court entered its opinion pursuant to Pa.R.A.P. 1925(a).

Appellants raise seven duplicative and overlapping questions for our review:

> 1.    Did the [trial c]ourt commit an error of law by failing to recognize . . . Rite Aid owed Mrs. Genovese, as [a] business invitee who became ill and injured on its premises, a duty of care, pursuant to Restatement of Torts 2d, § 314(a)?
>
> 2.    Did the [trial c]ourt commit an error of law by failing to follow **Campbell v. Eitak**, 893 A.2d 749 (Pa. Super. . . . 2006), which imposes a duty on businesses, such as []Rite Aid, to summon medical assistance for an ill or injured business invitees [*sic*] on its premises?
>
> 3.    Did the [trial c]ourt commit reversible error by ignoring expert and circumstantial evidence read in [Appellants'] best light—of the fact that Richard Ramme saw Mrs. Genovese was severely ill, and therefore injured, and took it upon himself to assist Mrs. Genovese (due to the severity of her ill and injured condition), aided [Mrs. Genovese], and then left [Mrs. Genovese] alone (contrary to [Rite Aid's] Safety Manual), and then returned to double-check on [Mrs. Genovese], at which point she was gone—which if accepted in the light most favorable to []Appellants, demonstrates []Rite Aid assumed the duty of reasonable conduct and care to Mrs. Genovese?
>
> 4.    Did the [trial c]ourt commit reversible error by making a factual determination inconsistent with the Summary Judgment standard that "the Trial Court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party" when the [trial c]ourt failed to recognize "reasonable minds would differ" with regard to the question of whether, under the circumstances, []Rite Aid breached its duty of care arising under either its Safety Manual or as it's [*sic*] on the job training required, which it owed to Mrs. Genovese, as an injured/ill, business invitee on []Rite Aid's premises?

5.    Did the [trial c]ourt commit an error of law by not ruling that OSHA or Labor and Industry regulation, legislative[ly] created, required []Rite Aid to properly train [*sic*] its personnel to handle illness or injury incidents, such as [Mrs.] Genovese's incident on []Rite Aid's premises?

6.    Did the [trial c]ourt commit an error of law by not finding []Rite Aid had a duty of care to require its employees to properly follow [*sic*] []Rite Aid's Retail Safety Manuel [*sic*], and that []Rite Aid, therefore failed to train, educate, and/or enforce on its own personnel the need to follow its own Retail Safety Manual?

7.    Did the [trial c]ourt commit an error of law by not finding []Rite Aid had a duty of care to require its employees to properly follow [*sic*] []Rite Aid's Safety Manual, and that []Rite Aid, therefore failed to train, educate, and/or enforce on its own personnel the need to follow its own Retail Safety Manual?

Appellants' Brief at 4-6.

Our standard of review is well-settled:

This Court may reverse a trial court's order granting or denying summary judgment only if there has been an error of law or an abuse of discretion.  To the extent that we must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.  The record includes all pleadings, as well as any depositions, answers to interrogatories, admissions, affidavits, and expert reports.  We examine the record in a light most favorable to the non-moving party, and we resolve all doubts as to the existence of a genuine issue of material fact against the moving party.  Summary judgment is proper only if the moving party's right is clear and free from doubt.

***Scungio Borst & Assocs. v. 410 Shurs Lane Devs., LLC***, 106 A.3d 103, 105 (Pa. Super. 2014) (citations and quotation marks omitted).  "Failure of a non[-]moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of

- 4 -

the moving party to judgment as a matter of law." ***Thompson v. Ginkel***, 95 A.3d 900, 904 (Pa. Super. 2014).

In their first issue, Appellants contend that the trial court erred "by failing to recognize []Rite Aid owed Mrs. Genovese, as [a] business invitee who became ill and injured on its premises, a duty of care." Appellants' Brief at 15. We disagree.

Appellants seek to recover under the theory that, under the Restatement (Second) of Torts, Rite Aid was negligent in failing to provide additional aid to Mrs. Genovese:

> To recover under a claim for negligence, the plaintiff must prove the following elements: that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage. Whether a duty exists under a particular set of facts is a question of law. It has long been hornbook law that a duty arises only when one engages in conduct which foreseeably creates an unreasonable risk of harm to others.
>
> > The determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the [over all] public interest in the proposed solution.

***Montagazzi v. Crisci***, 994 A.2d 626, 631 (Pa. Super. 2010) (citations and quotation marks omitted); ***see id.*** at 632-33 ("If it appeared that the deceased, by his own carelessness, contributed in any degree to the accident which caused the loss of his life, the defendants ought not to have

- 5 -

been held to answer for the consequences resulting from that accident.")
(citing **Brown v. French**, 104 Pa. 604 (Pa. 1883)). The Restatement
(Second) of Torts sets for the relevant duty arising between a possessor of
land and members of the public:

> **§ 314A  Special Relations Giving Rise to Duty to Aid or Protect**
>
> (1)  A common carrier is under a duty to its passengers to take reasonable action
>
>> (a)  to protect them against unreasonable risk of physical harm, and
>>
>> (b)  to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others.
>
> *  *  *
>
> (3)  A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation.

Restatement (Second) of Torts § 314A(1), (3).

Here, Appellants contend that the court erred in "failing to recognize
[that] Rite Aid owed Mrs. Genovese . . . a duty of care." Appellants' Brief at
4. This is contradicted by the trial court, which in fact agreed that Mrs.
Genovese was a business invitee under the Restatement (Second) of Torts.
**See** Order, 5/15/2014, at 3 ("Here, there is no question Mrs. Genovese was
a business invitee."). Accordingly, the trial court **did** find that Rite Aid owed
Mrs. Genovese a duty of care "to take reasonable action . . . to give [her]
first aid" after it knew she was ill "and to care for [her] until [she could] be

cared for by others." Restatement (Second) of Torts § 314A(1)(b); **see also** Order, 5/15/2014, at 3. Thus, the dispute revolves around whether Rite Aid took "reasonable action" pursuant to the Restatement in response to Mrs. Genovese's illness, and whether that duty rose to the level alleged to be necessary by Appellants. **Id.**

It is undisputed that after speaking to Mrs. Genovese, store manager Ramme knew that Mrs. Genovese felt unwell. Ramme provided Mrs. Genovese with a glass of water and a seat, and told her to ask any employee if she required more assistance. When Ramme returned to check on Mrs. Genovese, she had left. We agree with the trial court that the care provided to Mrs. Genovese was reasonable as a matter of law. **See** Order, 5/15/2014, at 4.

The record establishes that Mrs. Genovese received the assistance that she requested, and that she declined further help. Ramme and Rite Aid had no way of knowing that Mrs. Genovese's condition was any more serious than indicated by the flu-like symptoms she appeared to have. Furthermore, Mrs. Genovese left of her own accord and drove to another location. Rite Aid in no way declined to render reasonable assistance or otherwise acted to prevent anyone from coming to Mrs. Genovese's aid. **Montagazzi**, 994 A.2d at 632-33. We agree with the trial court that, as a matter of law, Rite Aid fulfilled its duty of care to Mrs. Genovese as a business invitee. **See** Order, 5/15/2014, at 4. Appellants' first issue does not merit relief.

In their second issue, Appellants contend that the trial court erred in failing to follow **Campbell v. Eitak**, 893 A.2d 749 (Pa. Super. 2006). Specifically, they contend that Rite Aid had a duty to summon medical assistance for Mrs. Genovese as a business invitee on the premises. Appellants' Brief at 17. We disagree.

In **Campbell**, *supra*, a piece of food lodged in the plaintiff's throat while he ate at the defendant's restaurant. **See Campbell**, 893 A.2d at 749. The plaintiff informed the restaurant that he was having difficulty breathing, and the restaurant owner advised him to drink some water. When the plaintiff told him that this had not made him feel better, the owner asked whether the plaintiff wished the restaurant to call 911. The restaurant then called 911, and the plaintiff was transported to a hospital where the food was removed from his throat; the plaintiff later underwent surgery to repair an esophageal tear. **Id.** at 749-50.

The plaintiff sued the defendant restaurant, alleging negligence because the restaurant did not have a procedure in place for responding to a choking emergency. The trial court granted the restaurant's motion for summary judgment, finding that the restaurant discharged its duty by calling 911. On review, we affirmed and, after reviewing decisions from other jurisdictions, concluded that "[i]n absence of any legislative pronouncement, we hold that the prompt summoning of medical assistance satisfies a restaurant's duty to a patron who is choking." **Id.** at 753.

*Campbell* is factually inapposite, in that it is specifically limited to circumstances of "a restaurant's duty to a patron who is choking." *Id.* Here, Mrs. Genovese was not choking, nor did she proactively request the assistance provided by Ramme and Rite Aid. In fact, she initially declined Ramme's offers of aid. *Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (U.S. 1990) (recognizing "general liberty interest in refusing medical treatment"). Appellants are incorrect to assert that *Campbell* stands for the proposition that businesses have a duty "to summon medical assistance for an ill or injured business invitees [*sic*] on its premises[.]" Appellants' Brief at 17. *Campell* merely held that, in the case of a man who choked at a restaurant, the restaurant fulfilled its duty to take reasonable action to provide first aid by summoning medical assistance. *Campbell*, 893 A.2d at 753; *see also* Restatement (Second) of Torts at § 314A. This issue does not merit relief.

In their third issue, Appellants argue that, viewing the evidence in the light most favorable to Appellants as the non-moving party, the trial court erred in granting summary judgment because Rite Aid "assumed the duty of reasonable conduct and care to Mrs. Genovese[.]" Appellants' Brief at 20. We disagree.

Appellants misstate Rite Aid's duty owed to Mrs. Genovese. *See id.* As previously discussed, the trial court properly concluded that Rite Aid owed a duty of "reasonable action" to Mrs. Genovese as a business invitee pursuant to the Restatement. *See* Restatement (Second) of Torts § 314A.

Appellants argue that, because Ramme "took it upon himself to assist Mrs. Genovese," Appellants' Brief at 4, he performed negligently while undertaking to provide services to Mrs. Genovese pursuant to the Restatement (Second) of Torts at § 323. Section 323 provides:

> **§ 323    Negligent Performance of Undertaking to Render Services**
>
> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
>> (a) his failure to exercise such care increases the risk of such harm, or
>>
>> (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323.

Viewing the record in the light most favorable to Appellants, it is undisputed that Mrs. Genovese refused any additional help offered by Ramme and the other employees of Rite Aid and that she left of her own volition. It cannot be said that Mrs. Genovese relied upon the employees' assistance or that they increased her risk of harm. Any physical harm she suffered did not result from Ramme's "failure to exercise reasonable care to perform his undertaking." Restatement (Second) of Torts § 323. *Cf. Baur v. Mesta Mach. Co.*, 168 A.2d 591, 599 (Pa. Super. 1961) (finding no workmen's compensation liability where decedent complained of flu

symptoms at work and suffered fatal heart attack on his way home). This issue does not merit relief.

In their fourth through seventh issues, Appellants allege that Rite Aid breached its duty to Mrs. Genovese as set forth in its Retail Safety Manual, Rite Aid's training policies, and "OSHA or Labor and Industry Regulation[s]." Appellants' Brief at 5-6. We disagree.

Through the expert reports of John Shane, M.D. and Alan Nudelman, Appellants attempt to cast Rite Aid's duty owed to Mrs. Genovese as a genuine issue of material fact that would preclude the award of summary judgment and require submission to a jury. *Id.* at 22, 24. It is well-settled that whether a duty exists under a particular set of facts is a matter of law. *See Charlie v. Erie Ins. Exch.*, 100 A.3d 244, 250 (Pa. Super. 2014).

Appellants cannot overcome summary judgment by recasting the duty of care that Rite Aid owed to Mrs. Genovese. Appellants claim that a variety of regulations superseded the Restatement (Second) of Torts' common-law duty owed toward a business invitee. *See* Restatement (Second) of Torts § 323. Rite Aid and its employees fulfilled the standard of reasonable care toward Mrs. Genovese as a business invitee.

Appellants' suggested application of these regulations to the instant case lacks support in fact or in law. OSHA specifies the safety standards an employer owes its employees in the workplace. *See,*

- 11 -

*e.g.*, ***Stephens v. Paris Cleaners, Inc.***, 885 A.2d 59, 68 (Pa. Super. 2005). Appellants do not, and cannot, claim that Mrs. Genovese was an employee of Rite Aid when she fell ill.

Appellants claim that Rite Aid's safety manuals specify that 911 should be called when a patron suffers injury. Nowhere does the manual so state; it only obligates employees to remain with injured persons. ***See*** Deposition Exh. 3, Retail Safety Manual, at 3 ("If a person becomes injured, stay with the injured person and reassure them until medical personnel arrive."). Appellants conflate illness and injury. Even if illness was covered under Rite Aid's employee safety manuals and training, the record shows that Mrs. Genovese denied the assistance that was offered to her. ***See*** Deposition of Richard Ramme, 10/16/2012, at 46-47. Finally, while Appellants make a vague reference to "labor and industry regulation[s]," they fail to meaningfully develop this claim. ***See*** Pa.R.A.P. 2119(a), (b).

We agree with the trial court that imposing a duty upon a pharmacy to call 911 any time a patron appears to be ill would impose an unreasonable burden, and that, under the circumstances of this case, Rite Aid and its employees fulfilled their obligations to Mrs. Genovese as a business invitee as a matter of law. T.C.O. at 8. Accordingly, the trial court did not err in granting summary judgment in favor of Rite Aid, and no genuine issues of material fact remain that would warrant submission to a jury.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/1/2015</u>